IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIE FLOYD ROBINSON,                )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )     CASE NO. 2:19-CV-850-WHA-WC
                                      )
CAPTAIN TUCK, et al.,                 )
                                      )
          Defendants.                 )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by

Willie Floyd Robinson, an indigent inmate, in which he challenges the constitutionality of

conditions at the Elmore County Jail.  On November 15, 2019, the court received a notice

from an official at the Elmore County Jail advising that Robinson has been released from

the jail, which was the last address Robinson provided for service.  The order of procedure

entered in this case directed the plaintiff to "immediately inform the court and the

defendants . . . of any change in his address.  Failure to provide a correct address to this

court within ten (10) days following any change of address will result in the dismissal of

this action.  The plaintiff shall also diligently and properly prosecute this action or face the

possibility it will be dismissed for failure to prosecute."  Doc. 4 at 4, ¶8.   The docket

maintained in this case indicates that the plaintiff received a copy of this order. The court,

however, has not received a new address from Robinson.

Based on the foregoing, the court entered an order requiring Robinson to inform the

court of his current address on or before December 4, 2019.  Doc. 8 at 2.  This order directed

Robinson to "show cause why this case should not be dismissed for his failure to comply with the orders of this court and his failure to adequately prosecute this action." Doc. 8 at 2. The court "specifically cautioned [Robinson] that if he fails to respond to this order the Magistrate Judge will recommend that this case be dismissed due to his failure to keep the court apprised of his current address and because, in the absence of such, this case cannot proceed before this court in an appropriate manner." Doc. 8 at 2. As of the present date, Robinson has failed to provide the court with his current address pursuant to the directives of the orders entered in this case. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, the court finds that dismissal of this case is the proper course of action. Initially, the court notes that Robinson is an indigent individual and the imposition of monetary or other punitive sanctions against him would be ineffectual. Moreover, Robinson has failed to comply with the directives of the orders entered by this court regarding provision of a current address. It likewise appears that Robinson is simply no longer interested in the prosecution of this case and any additional effort to secure his compliance would be unavailing and a waste of this court's scarce resources. Finally, this case cannot properly proceed when Robinson's whereabouts are unknown.

Accordingly, the court concludes that Robinson's failure to comply with the orders of this court warrant dismissal of this case. *Moon v. Newsome*, 863 F.2d 835, 837 (11th

Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Id.* at 630–31. *See also Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket.").  "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.  It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **December 26, 2019**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH

CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also*

*Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 10th day of December, 2019.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE